

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. Woodrow Laughlin
County Attorney
Jim Wells County
Alice, Texas

Opinion No. O-3591
Re: Validity of notarial
seal bearing notary's
name thereon.

Dear Sir:

We have carefully considered your letter of November 9th requesting the opinion of this department as to the validity of a notarial seal which bears the notary's name. With your letter we found an impression of the notary's seal which is in the form prescribed by law, except that the notary's name is included and placed in circular engraving between the star in the center and the legend, "Notary Public, County of Jim Wells, Texas", which appears in the margin.

Article 5960, Vernon's Annotated Civil Statutes, provides:

"Each notary public shall provide a seal of office, whereon shall be engraved in the center a star of five points, and the words, 'Notary Public, County of _____, Texas,' around the margin (the blank to be filled with the name of the county for which the officer is appointed), and he shall authenticate all his official acts therewith."

Thus it may be seen that the requisites of a notarial seal are (1) that there be a star of five points in the center, and (2) around the margin the legend, "Notary Public, County of _____, Texas". These requirements have been the same since the act of the first Legislature of May 13, 1846. Acts, First Legislature, p. 341.

Is the seal invalid because the notary's name is also included thereon? We think not.

...ATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED...

Honorable C. Woodrow Laughlin, page 2

At common law no particular inscription was essential for an official, notarial seal, the matter being one of the notary's choice. See 46 C. J. 522; 39 Am. Jur. 227. In Texas, as in most other states, inscriptions upon notarial seals are now regulated by statute. 46 C. J. 522; Article 5960, supra; 7 A. L. R. 1665.

These statutes have variously been held directory (Bonfield vs. Thompson, 42 Arkansas 46, 48 Am. Rep. 49) and mandatory (Hewitt vs. Morgan, 68 Iowa 465, 55 N. W. 478). See 20 Ruling Case Law 328; 39 Am. Jur. 226-227. No cases directly in point have been found in Texas although the case of Stocksborry vs. Swan, 21 S. W. 694 (affirmed, 85 Tex. 563), holds that the use of a seal such as is prescribed by law is necessary for a notarial authentication.

Other Texas cases are McKeller vs. Peck, 39 Texas 381, holding an acknowledgment void where the notary inadvertently used the seal of the County Court; and Stringfellow vs. Thomson, 1 Tex. App. Civ. Cas., Sec. 1009, holding there to be substantial compliance with the statute where the notarial seal had the letters T E X A S between the points of the star rather than about the outer margin of the seal.

The case of In re Nebe, Fed. Cas., No. 10,073, holds that the notarial seal must contain the name of the notary, the court saying:

"Public seals -- and a notary's seal is a public seal -- are held to prove themselves. Is any stamp which a notary chooses to affix to his signature entitled to recognition as his official seal? Such a construction strikes me as a burlesque upon the provisions of the act of Congress which makes both signature and seal necessary to the authentication of the notary's act. And if as a public seal it proves itself, must it not show on its face what it is that it proves; not only that it is a seal, but that it is the seal of a notary public; and in order to show that it is the seal of the notary who employs it, that it must bear his name."

This opinion was disapproved in In re Phillips, Fed. Cas., No. 11,098, the court holding that the seal need not contain the notary's name when not so required by statute.

Honorable C. Woodrow Laughlin, page 3

In Deans vs. Pate, 114 N. C. 194, 19 S. E. 146, the Supreme Court of North Carolina held that a notarial seal may contain the name of the notary though not so required by statute.

From these authorities we conclude that while a notarial seal must be in substantial compliance with Article 5960 by containing the inscription therein set forth, the same is not invalid if in addition it contains the name of the notary public to whom it belongs.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *James D. Smullen*

James D. Smullen
Assistant

JDS:gm